# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10990
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

ELIAS OMAR SANTAMARIA,

Defendant−Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:17-CR-9-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Elias Santamaria appeals his conviction of, and sentence for, attempting to persuade or entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b).  He maintains that there is an insufficient factual basis

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10990

for conviction because an individual charged with attempt under that statute could not be certain whether his conduct would result in a conviction, rendering the statute unconstitutionally vague. In addition, he contends that the statute is overbroad because it could authorize a conviction for constitutionally protected speech.

Santamaria maintains that his challenge to the factual basis for his plea, despite being raised for the first time on appeal, should not be reviewed for only plain error. As he concedes, however, this court has held that if a defendant did not challenge the factual sufficiency of his plea in the district court, we will review such a claim for plain error. *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). Under that standard, Santamaria must show a forfeited error that is clear or obvious and that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, this court has the discretion to correct the error if it seriously affects the integrity, fairness, or public reputation of judicial proceedings. *See id.*

In *United States v. Howard*, 766 F.3d 414, 429–30 (5th Cir. 2014), we held that § 2422(b) was not unconstitutionally vague, because an "attempt" to commit an offense had acquired an ordinary plain meaning, and the scienter requirement would limit prosecutorial discretion. Moreover, we concluded that the statute was not overbroad, because an individual knowingly attempting to induce a minor to engage in illegal sexual activity is not engaged in protected speech. *Id.* at 430. Santamaria concedes that *Howard* forecloses his challenge to the factual basis for his plea.

Accordingly, the government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time to file its brief is DENIED, and the judgment is AFFIRMED.